IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKY DEON CAVIT, #875844, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:09-CV-1850-N |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case: This is a *pro se* petition for habeas corpus relief submitted by a state prisoner pursuant to 28 U.S.C. § 2254.

    Parties: Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Formby Unit in Plainview, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case pending preliminary screening.

    Statement of the Case: On October 22, 2009, the magistrate judge issued a questionnaire, which inquired whether Petitioner had fully served his one-year sentence in Cause No. F09-71127, and whether he had exhausted his state court remedies as to his August 31, 2009 parole

revocation. On November 13, 2009, the court clerk re-mailed the questionnaire to petitioner's new address at the Formby Unit. *See* Nov. 9, 2009 notice of address change. As of the date of this recommendation, the questionnaire has not been returned to the court as undeliverable. Nor has petitioner filed his answers to the questionnaire or sought an extension of time do so.

<u>Findings and Conclusions</u>: The Fifth Circuit Court of Appeals has approved the use of questionnaires as a proper method to develop the factual basis of a *pro se, in forma pauperis* complaint or petition. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976); *see also Brewster v. Dretke*, ___ F.3d ___, 2009 WL 3738532, *1 (5th Cir. 2009).

The answers to the questionnaire are necessary for this court to determine whether Petitioner meets threshold jurisdictional and exhaustion requirements.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunity to answer the magistrate judge's questionnaire. He has failed to do so. Therefore, this action should be dismissed without prejudice for want of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child*

*Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).[1]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for want of prosecution.

Signed this 21st day of December, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

---

[1] It appears that three to four months of the one-year statute of limitations, applicable to habeas corpus petitions filed by state prisoners, may have elapsed since petitioner's parole revocation and conviction in F09-71127. *See* 28 U.S.C. § 2244(d). As such, the court need not apply the higher *Callip* standard of review. *See Bryson v. United States*, 553 F.3d 402, 403-04 (5th Cir. 2008) (applying higher standard to 28 U.S.C. § 2241 habeas petition); *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (same 42 U.S.C. § 1983 prisoner complaint); *Berry v. CIGNA/RSI-CIGNA*, 975 88, 1191 (5th Cir. 1992) (same non-prisoner civil case).